**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------

LINDA OKEKE                                          :
114 Richfield Road, Apt. 190                         :
Upper Darby, PA 19082                                :
                                                     :
                    Plaintiff,                       :
                                                     :        Civil Action No.: _____
          v.                                         :
                                                     :        **JURY TRIAL DEMANDED**
LNL HOME SERVICES, LLC                               :
32 Hirst Avenue                                      :
Lansdowne, PA 19050                                  :
                                                     :
                    Defendant.                       :

---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Linda Okeke ("Plaintiff"), by and through her undersigned attorney, for her Complaint against LNL Home Services, LLC ("Defendant"), alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

1.      Plaintiff brings this Complaint contending Defendant violated Plaintiff's rights protected by 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), by failing to pay Plaintiff her contractual wages because of her race.  In addition, Plaintiff avers that Defendant violated the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, and breached its contractual obligations to Plaintiff by failing to pay Plaintiff her contractual wages.  As a result, Plaintiff has suffered damages as set forth herein.

## PARTIES

2.      Plaintiff Linda Okeke is a citizen of the United States and Pennsylvania, where she currently maintains an address at 114 Richfield Road, Apt. 190, Upper Darby, PA 19082.

3.      Defendant, LNL Home Services, LLC, is a limited liability company operating and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 32 Hirst Avenue, Lansdowne, PA 19050.

4.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5.      Plaintiff filed the instant action within the statutory time frame applicable to her claims.

6.      Plaintiff has complied with all conditions precedent to maintain this action.

7.      This is an action authorized and instituted pursuant to 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981").

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

9.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her Section 1981 claims.

10.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania in this judicial district.

## FACTUAL BACKGROUND

11.      The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

12.      Plaintiff identifies as African American.

2

13.     Plaintiff began her employment with Defendant on or about September 30, 2020, in the position of Program Specialist.

14.     Before Plaintiff began her employment with Defendant, Plaintiff and Defendant entered into an Employment Contract (hereafter, the "Contract").   See Employment Contract, attached hereto as Exhibit A.

15.     Pursuant to the Contract, Defendant agreed to pay Plaintiff $40,000 a year with bi-weekly payments.   See id. § (c)(9).

16.     In addition, the Contract listed a four (4) year term for Plaintiff's employment with Defendant.   Id.

17.     The Contract contained no provision for ending the contract before the four (4) year term was concluded.

18.     Plaintiff began working for Defendant on or about September 30, 2020; however, she did not receiver her first pay check until on or about February 11, 2021.

19.     On or about February 11, 2021, Defendant's Owner, Larry Allouche ("Mr. Allouche) (Caucasian) told Plaintiff that she would receive back pay for the time Plaintiff already worked.

20.     At no time was Plaintiff paid the back pay for her time worked between September 30, 2020 and January 29, 2021.

21.     On or about December 1, 2020, Mr. Allouche met with Plaintiff and promised to pay Plaintiff five (5) percent of Defendant's revenue moving forward.

22.     Plaintiff accepted this offer by continuing to work for Defendant.

23.     At one point during Plaintiff's employment, Mr. Allouche told Plaintiff that he wanted more "white people" working on Defendant's staff.

3

24.     On or about April 7, 2021, as a result of Defendant's toxic work environment, Plaintiff resigned her position as Program Specialist with Defendant.

25.     On or about April 22, 2021, when Plaintiff did not receive her final pay check for the time period March 27, 2021 through April 7, 2021, Plaintiff texted Mr. Allouche and asked Mr. Allouche to issue Plaintiff's final pay check.

26.     On or about April 23, 2021, Plaintiff went to Defendant's office to get her pay check.

27.     When Plaintiff arrived at Defendant's office, Mr. Allouche refused to give Plaintiff her final pay check.

28.     In addition, Mr. Allouche cursed at Plaintiff and yelled "get the hell off my property you Black bitch."

29.     Mr. Allouche also called Plaintiff a "Black gorilla" and called the police on Plaintiff.

30.     As of the date of the filing of this Complaint, Plaintiff has received neither her unpaid wages nor the additional five (5) percent of Defendant's revenue for the time period December 1, 2020 until April 7, 2021.

31.     It is believed and therefore averred that Defendant failed to pay Plaintiff her contractual wages because of her race (African American), in violation of Section 1981.

32.     It is further alleged that Defendant has violated the WPCL and breach its contractual obligations with Plaintiff by failing to pay Plaintiff her unpaid wages and the raise consisting of five (5) percent of Defendant's revenue for the time period December 1, 2020 through April 7, 2021.

4

33.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**COUNT I**
**42 U.S.C. § 1981**
<u>**DISCRIMINATION**</u>

34.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

35.     Plaintiff avers that Defendant discriminated against her with respect to the terms and conditions of her employment on account of her race by failing to pay Plaintiff her agreed upon wages.

36.     Plaintiff has suffered damages and seeks relief for these willful adverse actions.

37.     Defendant's actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1
### <u>FAILURE TO PAY WAGES</u>

38.     Paragraphs 1 through 37 are hereby incorporated by reference as though the same were fully set forth at length herein.

39.     Defendant failed to pay Plaintiff her agreed upon wages under the Contract.  <u>See</u> Exhibit A.

40.     In addition, Defendant failed to pay Plaintiff her raise equivalent to five (5) percent of Defendant's revenue for the time period December 1, 2020 through April 7, 2021.

41.     The aforementioned salary and raise constitute "wages" which are due and owing under the Pennsylvania Wage Payment and Collection Law ("WPCL").

42.     Defendant unlawfully violated the WPCL by failing to pay Plaintiff her earned wages.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      Back wages, liquidated damages, and attorneys' fees and costs in an amount to be determined at trial, but not less than $150,000;

B.      Pre-judgment interest in an appropriate amount; and,

C.      Such other and further relief as is just and equitable under the circumstances.

6

## COUNT III
### BREACH OF CONTRACT

43.     Paragraphs 1 through 42 are hereby incorporated by reference as though the same were fully set forth at length herein.

44.     Defendant failed to pay Plaintiff her agreed upon wages under the Contract.  See Exhibit A.

45.     In addition, Defendant failed to pay Plaintiff her raise equivalent to five (5) percent of Defendant's revenue for the time period December 1, 2020 through April 7, 2021.

46.     In consideration for the aforementioned compensation, Plaintiff agreed to perform the job of Program Specialist with her best efforts.

47.     Defendant breached its contractual obligations and caused Plaintiff damages by failing to pay Plaintiff her wages and raise.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, in an amount to be determined at trial;

B.     Pre-judgment interest in an appropriate amount; and

C.     Such other and further relief as is just and equitable under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date: October 26, 2021

By: */s/ Benjamin Salvina*
    Benjamin Salvina, Esq.
    Michael Murphy, Esq.
    Eight Penn Center, Suite 2000
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    TEL: 267-273-1054
    FAX: 215-525-0210
    bsalvina@phillyemploymentlawyer.com
    murphy@phillyemploymentlawyer.com
    *Attorneys for Plaintiff*

**<u>DEMAND TO PRESERVE EVIDENCE</u>**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.