IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA OKEKE, *Plaintiffs* | : : : | CIVIL ACTION |
| v. | : : | |
| LNL HOME SERVICES, LLC *Defendant* | : : | No. 21-4705 |

## MEMORANDUM

PRATTER, J.          APRIL 5, 2022

Plaintiff Linda Okeke complains that LNL Home Services discriminated against her based on her race, failed to pay her wages in violation of Pennsylvania law, and breached its contract with her. LNL Home Services seeks to dismiss this case for lack of subject matter jurisdiction. LNL's motion, however, falls short. Thus, the Court denies its motion.

### BACKGROUND

At this stage of the suit, the Court takes all well-pleaded factual allegations as true. Ms. Okeke, an African-American woman, began her employment with LNL as a program specialist in September 2020 pursuant to the employment contract she signed with LNL. LNL agreed to pay her $40,000 a year in bi-weekly payments. Though she began working for LNL on September 30, 2020, Ms. Okeke did not receive her first payment until February 11, 2021. At that time, LNL's owner, Larry Allouche, reassured Ms. Okeke that she would receive back pay for all the time she had already worked. Ms. Okeke never received it. In addition, Ms. Okeke was allegedly promised 5% of LNL's revenue starting in December 2020, which she also claims to have never received.

The employment relationship turned sour, however, apparently as a result of LNL's racial discrimination against Ms. Okeke. Ms. Okeke resigned from LNL in April 2021 and did not receive

1

her final paycheck. At that point she sent a text message to Mr. Allouche and, on April 23, 2021, went back to the office to pick up the final paycheck. During that encounter, Mr. Allouche apparently refused to give Ms. Okeke her final paycheck, called her a "Black gorilla," and called the police.

Ms. Okeke alleges three counts against LNL: (1) discrimination in violation of 42 U.S.C. § 1981; (2) failure to pay wages in violation of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. § 260.1; and (3) breach of contract.

LNL seeks to dismiss this case, arguing that this Court lacks subject matter jurisdiction over Ms. Okeke's § 1981 claims and, thus, also lacks supplemental jurisdiction over her state law claims. Ms. Okeke opposes LNL's motion.

## LEGAL STANDARD

Before analyzing a 12(b)(1) motion, a district court must first determine whether the motion is a "facial" attack or a "factual" attack on the complaint. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014).

"A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Id.* at 358. A facial attack can take place "before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." *Id.* "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* (quoting *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). This is the same standard of review a court uses in considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.*

A "factual" attack is different. It is an "argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* In a "factual" attack,

quite unlike a "facial" attack, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *accord Const. Party of Pa.*, 757 F.3d at 358.

Unlike a 12(b)(6) motion, on a 12(b)(1) motion, the burden is on the plaintiff to "prove the court has subject matter jurisdiction." *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016).

## DISCUSSION

LNL Home Services moves to dismiss this case from federal court, making both a "facial" attack and a "factual" attack on Ms. Okeke's complaint. Ms. Okeke opposes both grounds for dismissal. Both defense attacks plainly fail.

### I.  LNL's "Facial" Attack Fails

First, LNL attacks Ms. Okeke's complaint facially, arguing that Ms. Okeke failed to allege the proper causation standard for a § 1981 claim. LNL contends that this is because Ms. Okeke's complaint states: "It is believed and therefore averred that Defendant failed to pay Plaintiff her contractual wages because of her race (African American), in violation of Section 1981." Doc. No. 7-3, at 5 (quoting Doc. No. 1, Compl. ¶ 31). In LNL's view, the language in Ms. Okeke's complaint is akin to language such as "upon information and belief," making it deficient. *Id.*

LNL is right that in order to state a claim under 42 U.S.C. § 1981 "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020). But nowhere does this case (or any other that LNL points to) state that the language, "[i]t is believed and therefore averred," in Ms. Okeke's complaint somehow transforms a well-pleaded allegation into something not qualifying as a well-pleaded allegation. LNL cites no legal authority for this argument either. Furthermore, Ms. Okeke has plausibly pled that Mr. Allouche made racially discriminatory comments, leading to her resignation. This plainly invokes

the Court's subject matter jurisdiction under § 1981. Therefore, the Court denies LNL's "facial" attack.

## II. LNL's "Factual" Attack Fares no Better

LNL also makes a "factual" attack on Ms. Okeke's complaint, arguing that because she *did* receive her final paycheck, her claim under § 1981 now lacks a factual basis, meaning the Court no longer has subject matter jurisdiction. As support, LNL homes has attached copies of two of Ms. Okeke's paystubs corresponding to the final pay period.

As Ms. Okeke rightly points out, however, that limited evidence does not defeat jurisdiction. In addition to the claim about her final paychecks, Ms. Okeke has *also* alleged that LNL failed to remit back pay for the period between September 30, 2020 and January 29, 2021 *and* that she never received the promised 5% of LNL's revenue for the period between December 1, 2020 and April 7, 2021. LNL does not contest these claims in this motion, and its attachment of Ms. Okeke's paystubs does not implicate them either. Thus, even if Ms. Okeke *did* receive her final paycheck in contravention of what she alleged, that might be a reason to dismiss her single *allegation*, but it is not a reason to dismiss the entire *case* for a lack of subject matter jurisdiction. If, as seems to be the situation, LNL wishes to challenge specific allegations and dismiss portions of Ms. Okeke's *complaint* rather than the Court's jurisdiction over the entire *case*, "Rule 12(b)(6)—with its attendant procedural and substantive protections for plaintiffs—is the proper vehicle for the early testing of a plaintiff's claims." *Davis*, 824 F.3d at 349. Therefore, the Court denies LNL's "factual" attack on Ms. Okeke's complaint as well.

While Ms. Okeke has the burden of proving that the Court has subject matter jurisdiction under a 12(b)(1) challenge, her complaint alone suffices in this instance. LNL's attempt to demonstrate that the Court lacks subject matter jurisdiction falls far short.

4

CONCLUSION

For the foregoing reasons, the Court denies LNL Home Service LLC's motion to dismiss this case for lack of subject matter jurisdiction. An appropriate order follows.

BY THE COURT:

_____
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE